# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| BENNIE P WASHINGTON | § | |
| | § | |
| v. | § | Civil Action No. 4:15-CV-789 |
| | § | (Judge Mazzant/Judge Nowak) |
| PLANO ISD, ASST SUPERINTENDENT, BOARD OF TRUSTEES | § § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On December 10, 2016, the report of the Magistrate Judge (Dkt. #67) was entered containing proposed findings of fact and recommendations that Defendants' Motion to Dismiss (Dkt. #56) and Defendants' Motion for Summary Judgment (Dkt. #60) be granted. Having received the report of the Magistrate Judge (Dkt. #67), having considered each of Plaintiff's timely filed objections (Dkt. #71), Defendants' Response (Dkt. #74), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #67) as the findings and conclusions of the Court.

### BACKGROUND

The facts in this case originate from Plaintiff Bennie P. Washington ("Plaintiff")'s employment with Defendant Plano Independent School District ("Plano ISD") (*see* Dkt. #3). The underlying facts are set out in further detail by the Magistrate Judge, and need not be repeated in their entirety (*see* Dkt. #67). Accordingly, the Court sets forth herein only those facts pertinent to Plaintiff's objections.

Plaintiff was employed as a bus driver for Plano ISD until tendering her resignation on October 25, 2015, effective the following day. Almost immediately thereafter, on November 3, 2015, Plaintiff, proceeding *pro se*, filed suit against Defendants Plano ISD, Assistant Superintendent Kary Cooper, and Plano Independent School District Board of Trustees (collectively, the "Defendants") in the Northern District of Texas. Plaintiff's suit was subsequently transferred to the Eastern District of Texas, Sherman Division. The body of Plaintiff's Original Complaint stated in its entirety "Civil Rights & Discrimination Etc." Plaintiff filed her Amendment of Compliant [sic] ("Amended Complaint") on June 3, 2016. Therein, Plaintiff purports to assert causes of action for: "breach of code of conduct, disrespectfulness, Civil Rights and Discrimination, breach of contract, and the hiding of a previous litigation case." Plaintiff alleges her claims against Defendants arise from certain interactions with four of her prior coworkers—K.D. Fain, Gary Tanner, Patti Kelly, and Andrew Forrester.

On June 13, 2016, Defendants moved to dismiss Plaintiff's Complaint for failure to state a claim. On August 12, 2016, Defendants further moved for summary Judgment.[1] The Magistrate Judge entered a report and recommendation on December 10, 2016, recommending Defendants' Motion to Dismiss (Dkt. #56) and Defendants' Motion for Summary Judgment (Dkt. #60) be granted (Dkt. #67). Specifically, the Magistrate Judge recommended that the Court find as follows: (1) Plaintiff's claims for "breach of code of conduct," "disrespectfulness," "hiding of a previous litigation case," and "Civil Rights and Discrimination" should each be dismissed for failure to state a claim; and (2) on summary judgment, Plaintiff failed to establish the elements of

---

[1] Several notations entered on the docket sheet indicate Plaintiff has notified the Clerk's Office regarding her failure to receive certain of Defendants' filings. Plaintiff advised the Court she did not receive Defendants' Reply to Plaintiff's Response to Defendants' Motion to Dismiss or, Alternatively, for a More Definite Statement (Dkt. #30), Defendants' Report of Attorney Rule 26(f) Conference (Dkt. #40), or Defendants' Reply to Plaintiff's Response to Defendants' Motion to Dismiss and Motion for Summary Judgment (Dkt. #63) (*see* docket generally).

a claim for breach of contract. Subsequently, on December 21, 2016, Plaintiff filed her objections to the Magistrate Judge's report and recommendation (Dkt. #71). On January 3, 2017, Defendants filed their Response to Plaintiff's Objections to Report and Recommendation of United State [sic] Magistrate Judge (Dkt. #74).

## ANALYSIS

Under the law, a party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2)-(3). Plaintiff objects generally that: (1) she does not agree with the Motion to Dismiss; and (2) Defendants failed to serve Plaintiff with certain pleadings, including the Motion for Summary Judgment, which kept her from responding to Defendants' Motion for Summary Judgment. The Court now addresses each of Plaintiff's objections in turn.

### *Objection 1:   Disagreement with the Motion to Dismiss*

Plaintiff first globally objects that she disagrees with the Motion to Dismiss. "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc); *Chase Bank USA, N.A. v. McLain*, No. 1:12-CV-353, 2013 WL 713404, at *1 (E.D. Tex. Feb. 26, 2012). Plaintiff's objection regarding the Magistrate Judge's recommendation that the Court grant Defendants' Motion to Dismiss is, in its entirety, as follows: "I don't agree with the Motion to Dismiss. All Parties have committed the things that i [sic] say they have did [sic] to me. Asst Superintendent Kary Cooper, Board of Trustees, Plano ISD, Et, Al," (Dkt. #71). In Plaintiff's filing, she does not identify any specific

issue of law or fact, among those set forth in the Magistrate Judge's report and recommendation, with which she disagrees. Therefore, Plaintiff's objection fails to invoke her right to a de novo review of the report and recommendation. Nonetheless, the Court has undertaken a complete de novo review of the report and recommendation, and the Court concludes that the Magistrate Judge's findings and conclusions are correct. *See Douglass*, 79 F.3d at 1429 (noting that a district court may alternatively find the magistrate judge's findings and conclusions were correct even though a party did not properly object to the report and recommendation). Plaintiff's first objection is overruled.

***Objection 2:   Alleged Failure to Serve the Motion for Summary Judgment***

Plaintiff further objects that Defendants (and the Court) did not serve her with the Motion for Summary Judgment and/or any filings related to it, which prevented her from adequately responding. Here, several notations on the docket sheet reflect Plaintiff's complaint that she has failed to receive certain documents from Defendants by mail. Plaintiff's objection includes a statement that while Defendants' counsel, Charles Crawford, tells the Court he has served Plaintiff "he don't send me mail thru [sic] certified mail."

Federal Rule of Civil Procedure 5(a)(1)(D) requires written motions to be served on every party. A party may complete service of a motion by "mailing to the person's last known address—in which event service is complete upon mailing," or "sending it by electronic means if the person consented in writing—in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served." Fed. R. Civ. P. 5(b)(2)(C), (E). Federal Rule of Civil Procedure 5(d)(1) requires that any paper after the complaint that is required to be served must be filed within a reasonable time after service, and must be filed together with a certificate of service.

Attached to Defendants' Response to Plaintiff's objections is the affidavit of Laura Jameson, Crawford's legal assistant (Dkt. #74, Exhibit 1). Therein, Jameson avers that she mailed Plaintiff: (1) a copy of Defendants' Motion to Dismiss for Failure to State a Claim on June 13, 2016; (2) a copy of Defendants' Motion for Summary Judgment on August 12, 2016; and (3) further copies of Defendants' Motion to Dismiss, Defendants' Motion for Summary Judgment, and Defendants' Reply to Plaintiff's Response to Defendants' Motion to Dismiss and Motion for Summary Judgment on October 11, 2016. Appended to Jameson's Affidavit are copies of the certified mail receipts and Fed Ex Airbill directing these documents to Plaintiff. The certified mail receipts and Fed Ex Airbill each provide the address Plaintiff has listed on the docket for service in this case; moreover, the Court has successfully mailed numerous orders to Plaintiff at this same address and received confirmation of Plaintiff's receipt. Crawford avers in the certificate of service to each of the relevant motions that he has served a true and correct copy on Plaintiff by certified mail at the address listed on the docket; each certificate of service includes the applicable certified mail receipt number (these numbers are identical to the certified mail receipts attached to Jameson's Affidavit). Jameson's affidavit testimony and the accompanying exhibits thereto corroborate the certificates of service; the Court finds that Defendants properly served upon Plaintiff each of the Motion to Dismiss for Failure to State a Claim and Motion for Summary Judgment.

Even assuming *arguendo* Defendants did not properly serve Plaintiff with the Motion to Dismiss, Motion for Summary Judgment, and/or Reply to Plaintiff's Response to Defendants' Motion to Dismiss and Motion for Summary Judgment, Plaintiff filed a response to these documents—Plaintiff's Response to Defendants' Motion to Dismiss and Motion for Summary Judgment and her Sur-Reply—evincing that Plaintiff had a meaningful opportunity to review the

5

pleadings and prepare a response to both Defendants' Motion to Dismiss and their Motion for Summary Judgment. Thus, no harm exists from any purported lack of service. Further, the Magistrate Judge expressly considered both Plaintiff's Response and Sur-Reply in providing the report and recommendation. Accordingly, Plaintiff's second objection is overruled.

## CONCLUSION

Having received the report of the United States Magistrate Judge (Dkt. #67), having considered each of Plaintiff's timely filed objections (Dkt. #71), Defendants' Response (Dkt. #74), and having conducted a de novo review, this Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #67) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendants' Motion to Dismiss (Dkt. #56) and Defendants' Motion for Summary Judgment (Dkt. #60) are **GRANTED**, and each and every of Plaintiff's claims against Defendants Plano ISD, Assistant Superintendent Kary Cooper, and the Plano Independent School District Board of Trustees are **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

SIGNED this 9th day of January, 2017.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE