# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| BENNIE P WASHINGTON | § |
| | § Civil Action No. 4:15-CV-789 |
| v. | § (Judge Mazzant/Judge Nowak) |
| | § |
| PLANO ISD, ET AL. | § |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On May 11, 2017, the report of the Magistrate Judge (Dkt. #82) was entered containing proposed findings of fact and recommendations that Plaintiff Bennie P. Washington's *pro se* Motion to Proceed in Forma Pauperis (Dkt. #78) and Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis (Dkt. #81) be denied. Having received the report of the Magistrate Judge (Dkt. #82), having considered each of Plaintiff's timely filed objections (Dkt. #85), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #82) as the findings and conclusions of the Court.

## BACKGROUND

Plaintiff's underlying lawsuit relates to her employment with Plano Independent School District (Dkt. #55). In connection therewith, Plaintiff alleged claims for "breach of code of conduct, disrespectfulness, Civil Rights and Discrimination, breach of contract, and the hiding of a previous litigation case," related to several interactions with several of her prior coworkers (Dkt. #55 at 2). On December 10, 2016, the report and recommendation of the Magistrate Judge

was entered containing proposed findings of fact and recommendation that Defendants Plano ISD, Assistant Superintendent Kary Cooper, and Plano Independent School District Board of Trustees' (collectively, the "Defendants") Motion to Dismiss (Dkt. #56) and Motion for Summary Judgment (Dkt. #60) be granted. On January 9, 2017, the Court adopted the report and recommendation of the Magistrate Judge (Dkt. #75). Following such disposition, the case was closed. Plaintiff subsequently filed a Notice of Appeal (Dkt. #77). Plaintiff's Notice of Appeal does not specifically identify any issue and/or order which Plaintiff seeks to challenge; Plaintiff indicated she seeks to appeal from "All Doc." (Dkt. 77 at 1). The Fifth Circuit has opened an appellate case number for Plaintiff's suit, USCA number 17-40371. On April 7, 2017, Plaintiff filed a Motion to Proceed in Forma Pauperis (on appeal) (Dkt. #78). On April 14, 2017, the Court advised Plaintiff that her Motion contained insufficient information for the Court to rule, and ordered Plaintiff to complete Federal Rule of Appellate Procedure Form 4 (Dkt. #79). Plaintiff thereafter submitted the requested form (Dkt. #81); however, Plaintiff did not complete the "My issues on appeal are:" section of the form and has not otherwise stated in any of her filings the issues she intends to present on appeal.

On May 11, 2017, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Plaintiff's Motion to Proceed in Forma Pauperis be denied. Specifically, the Magistrate Judge found that Plaintiff's Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis failed to: (1) establish that Plaintiff lacks the financial resources to prosecute an appeal; or (2) identify the issues she intends to present on appeal. Subsequently, on May 22, 2017, Plaintiff filed her Adjustion [sic] Report (Dkt. #85), which the Court construes as objections to the Magistrate Judge's recommendation. Also on May 22, 2017,

Plaintiff filed a Motion for Discovery (Dkt. #84). The Court addresses both Plaintiff's Objection and Motion for Discovery herein.

## I. *Plaintiff's Objection to the Magistrate Judge's Report and Recommendation*

Under the law, a party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2)-(3). Plaintiff objects to the Magistrate Judge's "ruling on [Plaintiff] having to pay for the appeall [sic]." Plaintiff's objection is directed at the Magistrate Judge's finding regarding Plaintiff's financial resources.

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The motion must state "the nature of the action, defense or appeal and affiant's belief that he is entitled to redress." 28 U.S.C. § 1915(a); *see also* Fed. R. App. P. 24(a)(1) ("The party must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal."). Title 28 U.S.C. § 1915(a)(3) further states that the district court may deny leave to proceed *in forma pauperis* if an appeal is not taken in "good faith" (i.e., if the appeal fails to present a non-frivolous issue). *Cay v. Estelle*, 789 F.2d 318, 326 (5th Cir. 1986).

An appeal is taken in good faith if it presents an arguable issue on the merits or factual basis for the claim and therefore is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983). To that end, a movant must demonstrate the existence of a non-frivolous issue for appeal. *See also Payne v. Lynaugh*, 843 F.2d 177, 178 (5th Cir. 1988). If the district court cannot discern the existence of any non-frivolous

issue on appeal, then an appeal is not taken in "good faith" and the movant's petition to appeal in forma pauperis must be denied. *Howard*, 707 F.2d at 220 (citation omitted). The district court should consider any pleadings and motions of a *pro se* litigant under less stringent standards than those applicable to licensed attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Notwithstanding, although *pro se* briefs must be liberally construed, even *pro se* litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 222-25 (5th Cir. 1993).

Plaintiff submitted an Affidavit in support of her Motion as required by Federal Rule of Appellate Procedure 24. Based on Plaintiff's Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis (Dkt. #81), the Magistrate Judge evaluated Plaintiff's indigency and found that Plaintiff possessed the financial resources to prosecute an appeal. Even if the District Court reversed such finding, Plaintiff's Motion must still be denied under the present circumstances. Plaintiff has wholly failed to identify the issues she intends to present on appeal in any of her filings, including specifically her Federal Rule of Appellate Procedure Form 4. Plaintiff has an obligation to demonstrate that her requested appeal raises non-frivolous issues. The Court cannot discern, and Plaintiff has not identified, any non-frivolous issues for appeal (Dkts. #77-78; Dkt. #81). Thus, the Court adopts the recommendation of the Magistrate Judge.

## II. *Motion for Discovery*

Also on May 22, 2017, Plaintiff filed a Motion for Discovery (Dkt. #84) after entry of a final judgment and the case was closed. Plaintiff's Motion states, in its entirety, "1. I am requesting for a copy of discovery for this case" [Dkt. 84 at 1]. To the extent Plaintiff seeks copies of discovery propounded between the Parties, such request must be denied because discovery documents are not contained in the Court's file. *See United States v. Williams*, No. 3:08-CR-72(01) RM, 2010 WL 1980092, at *1 (N.D. Ind. May 18, 2010) (finding that *pro se* defendant's

request for "copies of discovery documents" must be denied because those documents were not contained in the court's file). To the extent Plaintiff's Motion for Discovery seeks free copies of discovery documents in the Court's record, such relief must also be denied. Even in the context of a criminal prosecution, where a person's liberty is at stake, the law is clear that a plaintiff is not entitled to free copies of transcripts and/or the record merely because he or she is indigent. *See Harless v. United States*, 329 F.2d 397, 398-99 (5th Cir. 1964) ("The statutory right to proceed in forma pauperis does not include the right to obtain copies of court orders, indictments, and transcript of record, without payment therefor, for use in proposed or prospective litigation."); *Bonner v. Henderson*, 517 F.2d 135 (5th Cir. 1975); *Phillips v. Orleans Parish School Board*, No. 86-5378, 1991 WL 34958, at *3 (E.D. La. Mar. 12, 1991) (denying plaintiff's request to be provided trial transcript at government's expense). Accordingly, given Plaintiff's failure to raise any issue justifying free copies of documents in the Court's record, such request is denied.

## CONCLUSION

Having received the report of the United States Magistrate Judge, having considered each of Plaintiff's timely filed objections (Dkt. #85), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #82) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Plaintiff's Motion to Proceed in Forma Pauperis (Dkt. #78; Dkt. #81) is **DENIED**.

It is further **ORDERED** that Plaintiff's Motion for Discovery (Dkt. #84) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 5th day of June, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE